**Office of the Attorney General**
**State of Texas**



DAN MORALES
ATTORNEY GENERAL

October 3, 1991

Mr. John C. Taylor
Chairman
Board of Directors
Guadalupe-Blanco River Authority
P. O. Box 271
Seguin, Texas  78156

Opinion No.  DM-47

Re:  Whether a member of the board of a river authority may serve on a board of an appraisal district   (RQ-140)

Dear Mr. Taylor:

You ask whether a director of the Guadalupe-Blanco River Authority may also serve as a member of the board of directors of a county appraisal district.

Article XVI, section 40, of the Texas Constitution prohibits a person from holding two "offices of emolument." Because no compensation is attached to the office of director of a county appraisal district, the office is not one of emolument. *See* Tax Code § 6.04(c) (members of board of county appraisal district receive no compensation but receive reimbursement for actual expenses); Attorney General Opinion JM-1266 (1990) (reimbursement for actual expenses is not an emolument for purposes of article XVI, section 40); *see also* Acts 1969, 61st Leg., ch. 432, § 1, at 1465 (directors of Guadalupe-Blanco River Authority to receive $25 a day plus expenses); Water Code § 50.059 (general provision regarding compensation of directors of river authority). Therefore, the constitutional prohibition on dual office holding is inapplicable to the facts you describe.

The common-law doctrine of incompatibility prevents a person from holding two offices where one office might impose its policies on the other or subject it to control in some other way. *See* Attorney General Opinions JM-1266 (1990); JM-129 (1984); JM-97 (1983). The main function of an appraisal district is to appraise property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district. Tax Code § 6.01(b). Thus, if the Guadalupe-Blanco River Authority imposed ad valorem taxes on property in a particular appraisal district, service on both the board of the river authority and the

board of the appraisal district would likely be incompatible under the common law.[1] The Guadalupe-Blanco River Authority, however, has no authority to impose taxes. Acts 1975, 64th Leg., ch. 433, § 1, at 1150. We find no other basis in the relevant statute for concluding that service on the board of the Guadalupe-Blanco River Authority would be incompatible with service on the board of an appraisal district that appraises property within the boundaries of the river authority for ad valorem tax purposes.

## SUMMARY

Article XVI, section 40, of the Texas Constitution does not prohibit a person from serving on the board of directors of a river authority and the board of directors of a county appraisal district.

Service on the board of the Guadalupe-Blanco River Authority is not incompatible with service on the board of an appraisal district that appraises property within the boundaries of the river authority for ad valorem tax purposes.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

---

[1]Section 6.03(a) of the Tax Code, in its current form, overrides the common-law doctrine of incompatibility to the extent it would be applicable in this context by providing that an "individual who is otherwise eligible to serve on the board is not ineligible because of membership on the governing body of a taxing unit." *See* Attorney General Opinion JM-1157 (1990). As of September 1, 1991, that language will no longer appear in section 6.03(a). *See* H.B. 864, Acts 1991, 72d Leg., ch. 371, § 11, at 1425.

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General